# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| EDDIE LAWRENCE QUITUGUA,<br><br>Plaintiff,<br><br>vs.<br><br>DONNA P. QUITUGUA, as an individual;<br>RYAN C.P. QUITUGUA, as an individual;<br>NACRINA F. MENDIOLA, as an individual;<br>F RANDALL CUNLIFFE, as an individual;<br>LISA P. CRUZ, individually and in her official capacity as a Land Abstractor II employee with the Department of Land Management;<br>JOSEPH M. BORJA, individually and in his official capacity as the Director for the Department of Land Management;<br>NICOLAS E. TOFT, individually and in his official capacity as an Assistant Attorney General; and<br>The Office of the Attorney General, as a government entity;<br><br>Defendants. | CIVIL CASE NO. 25-00036<br><br>**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PAYMENT OF FEES, DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND, AND DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT** |

This matter comes before the court on Plaintiff Eddie Quitugua's Civil Rights Complaint for Declaratory, Injunctive, and Other Appropriate Relief Pursuant to 42 U.S.C. §§ 1983 and 1985(3); his Motion for Leave to Proceed *In Forma Pauperis* and for U.S. Marshals Service of

Summons ("Application to Waive Fees"); and his Motion for Temporary Restraining Order and Preliminary Injunction. ECF Nos. 1, 2, 3.[1] The court has reviewed the record and the relevant law and finds this matter suitable for submission without oral argument.

For the reasons stated herein, the court hereby **GRANTS** Plaintiff's Application to Waive Fees, **DISMISSES** Plaintiff's Complaint with leave to amend, and **DENIES** Plaintiff's Temporary Restraining Order and Preliminary Injunction as **MOOT**.

I.   Introduction

    A.   Procedural Background

Plaintiff filed the Complaint, Application to Waive Fees, and the Motion for Temporary Restraining Order and Preliminary Injunction on September 17, 2025. ECF Nos. 1-3. The court denied Plaintiff's initial Application to Waive Fees because he failed to comply with § 1915(a)(1)'s requirement that he submit an affidavit attesting to his inability to pay. ECF Nos. 2 & 4. Plaintiff refiled his Application to Waive Fees in accordance with § 1915(a)(1) on September 22, 2025. ECF No. 5.

The Complaint contains allegations that the Defendants: Donna P. Quitugua (former stepmother), in her individual capacity; Ryan C.P. Quitugua (former stepbrother), in his individual capacity; Nacrina F. Mendiola (notary public), in her individual capacity; F. Randall Cunliffe (attorney), in his individual capacity; Lisa P. Cruz, individually and in her official capacity as a Land Abstractor II for the Department of Land Management; Joseph M. Borja, individually and in his official capacity as the Director of the Department of Land Management; Nicolas E. Loft, individually and in his official capacity as an Assistant Attorney General; and the Office of the Attorney General, as a governmental entity; conspired to violate Plaintiff's

---

[1] The court refers to CM/ECF pagination throughout this Decision and Order.

constitutional right to the property. Compl. at ¶¶ 11-18.

Plaintiff alleges that Defendants violated his right to Procedural Due Process (Claim 1), Substantive Due Process (Claim 2), and Equal Protection Clause (Claim 3) as separate 42 U.S.C. § 1983 causes of action. *Id.* at ¶¶ 38-61. He further alleges that Defendants conspired to interfere with his civil rights pursuant to 42 U.S.C. § 1985(3) (Claim 4) and that the conspiracy led to fraud on the court under Federal Rule of Civil Procedure 60(d)(3) (Claim 5). *Id.* at ¶¶62-76. He contends that he is entitled to declaratory and injunctive relief under 28 U.S.C. §§ 2201-2202 and *Ex parte Young*, 209 U.S. 123 (1908) (Claim 6). *Id.* at ¶¶77-83.

Plaintiff seeks declaratory relief, injunctive relief, damages, costs and fees, and any additional relief that the court "deems just and proper to restore Plaintiff's rights and preserve the integrity of the judicial process." *Id.* at ¶¶ 84-88. Moreover, Plaintiff is requesting a Temporary Restraining Order and a Preliminary Injunction to protect his property interest. ECF No. 3.

### B. Factual Background

Plaintiff Eddie Lawrence Quitugua lived on the subject property from 2010 until his court-ordered eviction in 2021. Compl. at ¶ 10. He asserts that his "long-term residence" there and his status as a "rightful heir" to his father's estate entitle him to a constitutionally protected property interest in the subject property. *Id.* at ¶¶ 19, 21. The subject property is Lot No. 3417-1-4 in Sinajana, Guam. *See id.* at ¶ 24, Exhibit B, Attachment 2. Furthermore, his Motion for Temporary Restraining Order requests that he not be displaced from property at 208a Price Road, Mangilao, Guam (legal description as Property Lot No. 3417-1-4), and "any other property related to this case."[2] *See* ECF No. 3, at 3.

---

[2] This is Plaintiff's description of the subject property from the Motion for Temporary Restraining Order and Preliminary Injunction. *See* ECF No. 3.

Plaintiff contends that his father "held no ownership interest in the subject property" as of April 4, 2016, and that his stepmother and Defendant, Donna P. Quitugua, had actual knowledge of this. Compl. at ¶¶ 22-23; Exhibit A, Attachment 1. Regardless, he states Ms. Quitugua "executed a fraudulent Deed of Gift . . . to transfer the property to her son, Defendant Ryan C.P. Quitugua" on May 6, 2016, while his father "was gravely ill." *Id.* at ¶¶ 24-25. Exhibit B, Attachment 2.

Plaintiff alleges Ms. Quitugua's sister and co-Defendant, Lisa P. Cruz, utilized her government position as a Land Abstractor II with Guam's Department of Land Management to create a fraudulent Deed of Gift for the subject property. *Id.* at ¶ 25. Defendant, Nacrina F. Mendiola, then fraudulently notarized the document, *id.* at ¶¶ 13, 49, and Defendant, Joseph M. Borja, the Director of Guam's Department of Land Management, failed in his supervisory role by allowing the fraud to occur. *Id.* at ¶ 50.

Plaintiff claims that he was not served in the initial proceedings to decide ownership of the subject property, *id.* at ¶ 41, and that Defendant, Nicolas E. Toft, an Assistant Attorney General of the Office of the Attorney General of Guam, initiated judicial proceedings in the Superior Court of Guam with "fraudulent title abstracts" which "deprived Plaintiff of notice and a meaningful opportunity to be heard." *Id.* at ¶ 50. He contends the Office of the Attorney General "intentionally omitted" the fraudulent Deed of Gift during these proceedings and never pursued criminal charges against anyone involved in the alleged conspiracy. *Id.* at ¶¶ 29, 33. The Superior Court and the Supreme Court of Guam evicted Plaintiff in December 2021, in reliance on the evidence presented. *Id.* at ¶¶ 30, 35.

Plaintiff alleges that in a separate, subsequent civil action, Defendant, F. Randall Cunliffe, submitted an altered Deed of Gift to the court in an unlawful detainer action. *Id.* at ¶ 31. He could not "object or present evidence" during the proceeding, but the "represented parties in

later proceedings before the same judge were permitted to fully litigate." *Id.* at ¶ 32. Plaintiff maintains that he faces an imminent threat of being "displaced" from his home. *See* ECF No. 3.

## II. Discussion

### A. Application to Waive Fees

Plaintiff filed a request to proceed without paying fees or costs.[3] ECF No. 5. A court may authorize an individual to commence a civil action without prepayment of the required filing fee under 28 U.S.C. § 1915(a)(1) if that person "submits an affidavit [stating] . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

The court has reviewed Plaintiff's Application to Proceed without Payment of Fees and concludes that he has sufficiently shown his inability to pay the filing fee or provide security. Plaintiff is unemployed, has no monthly income, and receives no government assistance. *Id.* at 3. He avers that he has no bank accounts or assets of value and that he has two dependent daughters. *Id.* Accordingly, the court finds that Plaintiff cannot pay the filing fee and grants his Application to Proceed without Payment of Fees.

As a result, the court must screen Plaintiff's Complaint before allowing the case to proceed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

### B. Screening the Complaint

#### 1. Jurisdiction

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Complaint alleges deprivations of rights secured by the Constitution under 42 U.S.C. §§ 1983 and 1985(3).

---

[3] Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $405 filing fee is required from the party instituting any civil action in federal court.

### 2. Standard of Review

Pursuant to 28 U.S.C. § 1915(e), the court is required to review a complaint and dismiss it if the action is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B)(i)-(iii); *Lopez*, 203 F.3d at 1126-27. A complaint must contain a short and plain statement that the plaintiff is entitled to relief, along with "enough facts to state a claim to relief that is plausible on its face." FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006). The court must accept all allegations of material fact as true and construe those facts in the light most favorable to the plaintiff. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Although a plaintiff is not required to provide detailed allegations, legal conclusions are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, in an action brought under Section 1983, a plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

When a plaintiff is *pro se*, the court must liberally construe the allegations in a complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). Nonetheless, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). In particular, "a liberal

interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks omitted).

### 3. Analysis

#### a. Cause of Action 1: Violation of Procedural Due Process

Under 42 U.S.C. § 1983 a plaintiff must prove: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983. At this stage, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *See* FED. R. CIV. P. 8(a)(2); *Twombly*, 550 U.S. at 570.

Procedural due process protects against the "deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). The property interests protected by the Constitution include ownership of real property. *Id.* at 571-72. To have a property interest, an individual must "have a legitimate claim of entitlement to it." *Id.* at 577.

Plaintiff claims to have a "constitutionally protected property interest in the subject property as both a rightful heir to the Estate of Raymond Perez Quitugua and as a long-term occupant." Compl. at ¶ 39. In the Complaint, however, Plaintiff stated that his father "held no ownership interest in the subject property." *Id.* at ¶ 22. Thus, Plaintiff's claim that he is an heir to his father's estate is not plausible. *See Roth*, 408 U.S. at 577. Further, Plaintiff's claim that he is a long-term occupant of the home fails because Plaintiff does not provide a legal basis or a factual basis for why this should entitle him to a constitutionally protected property interest. For the stated reasons, Plaintiff has failed to state a factual or legal claim for which relief may be granted. Accordingly, this claim is dismissed with leave to amend.

### b. Cause of Action 2: Violation of Substantive Due Process

As previously stated, under 42 U.S.C. § 1983 a plaintiff must prove: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983. At this stage, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *See* FED. R. CIV. P. 8(a)(2); *Twombly*, 550 U.S. at 570.

Substantive due process rights are "those rights guaranteed by the first eight Amendments to the Constitution and those rights deemed fundamental that are not mentioned anywhere in the Constitution." *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215, 216 (2022). "Property interests are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Armstrong v. Reynolds*, 22 F.4th 1058, 1066-67 (2022) (quoting *Bd. of Regents*, 408 U.S. at 577) (internal quotation marks omitted).

While individuals have a procedural due process right to their property interest as noted above, they do not have a similar substantive due process right absent a takings claim which has not been alleged here. The Fourteenth Amendment applies the Takings Clause of the Fifth Amendment to the states. *Penn Cent. Tranp. Co. v. City of New York*, 438 U.S. 104, 122 (1978) (citing *Chicago, B. & Q. R. Co. v. Chicago*, 166 U.S. 226, 239 (1897)). *See also* U.S. Const. Amends. V & XIV. The Takings Clause precludes private property from being "taken for public use, without just compensation." U.S. Const. amend V. Plaintiff here alleged that his property was taken from him and given to his stepbrother through the fraudulent deed. He has not alleged that there was a taking or that this was for any public or government benefit. As such, this claim

is dismissed with leave to amend because Plaintiff has not supplied a factual or legal basis for which relief could be granted.

### c. Cause of Action 3: Violation of Equal Protection

The Supreme Court recognizes "class of one" equal protection claims. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "Class of one" claims allow a plaintiff to argue an equal protection cause of action without "alleg[ing] membership in a class or a group." *Id.* The plaintiff must show that the defendant intentionally treated them "differently than other similarly situated" people "without a rational basis." *Gerhart v. Lake Cnty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011).

Here, Plaintiff alleges he is eligible for a class of one equal protection claim because he was not allowed to object or present evidence in an unlawful detainer action as a *pro se* litigant, but "represented parties were permitted to make objections, present evidence, and fully litigate the same issues under the same law" in a subsequent unlawful detainer action. Compl. at ¶ 57. He further claims that "disparate treatment cannot be explained by any legitimate governmental objective and reflects arbitrary and discriminatory enforcement of procedural rules." *Id.* at ¶ 58.

Accepting Plaintiff's allegations as true, it is unclear how Defendants' actions "facilitated and perpetuated" the unequal protection against him. *Id.* at ¶ 59. Plaintiff claims he was not allowed to fully litigate his claims in court while others similarly situated were. Again, assuming this was true, it would have been the local court that denied Plaintiff the opportunity to object or present evidence, <u>not</u> the Defendants. Plaintiff's allegation that Defendants conspired to fraudulently change the deed to the subject property in order to deprive him of property fails to demonstrate how exactly this alleged conduct prevented Plaintiff from objecting or presenting evidence at the local court. Plaintiff's allegations in his complaint fail to factually articulate his claim. Therefore, this claim is dismissed with leave to amend.

### d. Cause of Action 4: Conspiracy to Interfere with Civil Rights

A claim under 42 U.S.C. § 1985(3) requires a conspiracy of two or more people "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3); *Griffin v. Breckinridge*, 403 U.S. 88, 102-03 (1971). There must be an act in furtherance of the conspiracy and a resulting injury to a person or property, or a harm to a right or privilege. *See Griffin*, 403 U.S. at 103. This must be accompanied by an "invidiously discriminatory motivation" to deprive equal protection from a racial group or other protected class. *Id.* at 102; *Holgate v. Baldwin*, 425 F.3d 671, 676 (2005).

Plaintiff's complaint fails to allege facts to support a claim under 42 U.S.C. § 1985(3). Plaintiff failed to state a claim for which relief may be granted because he has not alleged anywhere in his pleadings how his rights have been deprived as a member of a protected class. Thus, this claim is dismissed with leave to amend.

### e. Cause of Action 5: Fraud on the Court

Federal Rule of Civil Procedure 60(d)(3) states that a court may "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). This is a power of the court and not a valid cause of action. Accordingly, this claim is dismissed without leave to amend. As this is not a valid cause of action, amendment of the claim would be futile.

### f. Cause of Action 6: Declaratory and Injunctive Relief

Sections §§ 2201-2202 of Title 28, United States Code, both describe the relief that U.S. courts can provide. *See* 28 U.S.C. §§ 2201-2202. *Ex parte Young* provides an exception for suing state officials in federal court regardless of sovereign immunity. 209 U.S. 123 (1908). Again, these are not valid causes of action. As such, this claim is dismissed without leave to amend. Again, as these are not valid causes of action, amendment to the claim would be futile.

III. **CONCLUSION**

For the foregoing reasons, the court **GRANTS** Plaintiff's Application to Waive Fees and **DISMISSES** Plaintiff's Complaint with leave to amend the First, Second, Third, and Fourth Causes of Action. The Fifth and Sixth Causes of Action are dismissed without leave to amend. Plaintiff has thirty (30) days from the date of service of this order to file an amended complaint. If Plaintiff fails to file an amended complaint in compliance with this order, this action may be dismissed with prejudice and without further notice.

Because the Complaint is dismissed in its entirety, the court **DENIES** Plaintiff's request for service and **DENIES** as MOOT Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
  **Chief Judge**
**Dated: Sep 30, 2025**