# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| EDDIE LAWRENCE QUITUGUA,<br><br>Plaintiff,<br><br>vs.<br><br>DONNA P. QUITUGUA, an individual; RYAN C.P. QUITUGUA, an individual; NACRINA F. MENDIOLA, an individual; F. RANDALL CUNLIFFE, an individual; LISA P. CRUZ, individually and in her official capacity as a Land Abstractor II employee with the Department of Land Management; JOSEPH M. BORJA, his official capacity as the Director for the Department of Land Management; and The Office of the Attorney General, as a government entity for prospective declaratory and injunctive relief only;<br><br>Defendants. | CIVIL CASE NO. 25-00036<br><br><br>**DECISION AND ORDER DISMISSING PLAINTIFF'S AMENDED VERIFIED CIVIL RIGHTS COMPLAINT WITH PREJUDICE** |

    This matter comes before the court on Plaintiff Eddie Quitugua's Amended Verified Civil Rights Complaint for Declaratory, Injunctive, and Other Appropriate Relief Pursuant to 42 U.S.C. § 1983 and Demand for Jury Trial ("Amended Complaint"), and his Motion for

Expedited Order on Screening and Compulsory Clarification. ECF Nos. 8, 10.[1] The court has reviewed the record and the relevant law and finds this matter suitable for submission without oral argument.

For the reasons stated herein, the court hereby **DISMISSES** Plaintiff's Amended Complaint with Prejudice.

I.  INTRODUCTION

A.  PROCEDURAL BACKGROUND

Plaintiff filed his initial complaint on September 17, 2025. ECF No. 1. He alleged Donna P. Quitugua, Ryan C.P. Quitugua, Nacrina F. Mendiola, F. Randall Cunliffe, Joseph M. Borja, Nicolas E. Toft, and the Office of the Attorney General (collectively, "Defendants") conspired to violate his constitutional and civil rights by using fraudulent deeds to evict him from the Subject Property and to prevent him from having due process in proceedings before the local court. *See id.* The court dismissed Plaintiff's first four claims without prejudice to allow him to amend his complaint: (1) Violation of Procedural Due Process – 42 U.S.C. § 1983, (2) Violation of Substantive Due Process – 42 U.S.C. § 1983, (3) Violation of Equal Protection – 42 U.S.C. § 1983, and (4) Conspiracy to Interfere with Civil Rights – 42 U.S.C. § 1985(3). ECF No. 6, at 7-10. The court ordered Plaintiff to further articulate the factual and legal bases for these claims and it cautioned him that failure to adequately amend his complaint could lead to dismissal with prejudice. *Id.* at 11. The remaining two claims were dismissed with prejudice as amendment would be futile: (5) Fraud on the Court – Fed. R. Civ. P. 60(d)(3), and (6) Declaratory and Injunctive Relief – 28 U.S.C. §§ 2201-2202; *Ex parte Young*, 209 U.S. 123 (1908). *See id.* at 10.

Plaintiff filed the Amended Complaint on October 21, 2025, and he realleged the

---

[1] The court refers to CM/ECF pagination throughout this Decision and Order.

conspiracy by Defendants to defraud him of his constitutional rights. ECF No. 8. The Amended Complaint has four causes of action, all of which pertains to § 1983: (1) Violation of Procedural Due Process under 42 U.S.C. § 1983 against Defendants in their official capacity for declaratory and injunctive relief, (2) Violation of Procedural Due Process under 42 U.S.C. § 1983 against Defendants in their individual capacity for damages, (3) Conspiracy to Violate Civil Rights under 42 U.S.C. § 1983, and (4) Violation of Equal Protection under 42 U.S.C. § 1983. *See id.* at 43-50, ¶¶ 127-166.

Plaintiff sued for declaratory and injunctive relief to clarify his rights and to prevent Defendants from enforcing any fraudulent instruments. *Id.* at 50-53, ¶¶ 1-2. Plaintiff also seeks compensatory damages, punitive damages, attorney's fees and costs,[2] pre-judgment and post-judgment interest, evidentiary findings, jury trial, and additional relief. *Id.* at 53-58, ¶¶ 3-9. On November 10, 2025, Plaintiff filed a Motion for Expedited Order on Screening and Compulsory Clarification where he asked the court "for an immediate and expedited order resolving the pending screening of his Amended Verified Civil Rights Complaint." ECF No. 10.

### B. FACTUAL BACKGROUND[3]

In 2010, Plaintiff moved into the Subject Property, Lot No. 3417-1-4, Unit A. ECF No. 8, at 13, ¶ 40. From the time he moved in, until the time he was evicted in December of 2021, Plaintiff paid the property taxes, maintained the utilities, and improved the Subject Property. *Id* at ¶ 42A. At the time he moved in, Juanita Perez Quitugua, his grandmother, owned the Subject Property.[4] *Id.* at 13, ¶ 40. She continued to own the Subject Property until 2013, when she

---

[2] Plaintiff asks the court to "[a]ward reasonable attorney's fees pursuant to 42 U.S.C. § 1988, should Plaintiff retain counsel or for time spent as pro se litigant." ECF No. 8, at 56, ¶ 5.

[3] For the purposes of this order, the court takes Plaintiff's factual allegations as true.

[4] Attorney Jay Arriola drafted deeds for Juanita, including legitimate deeds for Juanita's properties, on November 25, 2002. ECF No. 8, at 19, ¶ 57.

allegedly deeded it to Genedine Perez Quitugua, her daughter and Plaintiff's aunt. *Id.* at 13, ¶ 42B. Genedine allowed Plaintiff to continue living on the Subject Property under the same arrangement as his grandmother, and they formalized their agreement through a lease signed on March 27, 2017. *Id.* At 13, ¶ 42C. Plaintiff contends Genedine remains the rightful owner of the Subject Property as Raymond Perez Quitugua, Plaintiff's father, confirmed during child support proceedings before the local court on April 4, 2016, that he had no ownership interest in it. *Id.* at 15, ¶ 46.

On May 6, 2016, Donna Quitugua, Plaintiff's stepmother, purportedly executed a fraudulent Deed of Gift (Instrument No. 892471) which transferred Raymond Quitugua's supposed interest in the Subject Property to Ryan C.P. Quitugua, Plaintiff's stepbrother. *Id.* at 16, ¶ 51, 53. Donna was both aware of Raymond's testimony from the local court proceedings, and of the fact that Raymond was "gravely ill" in the hospital. *Id.* at 15-16, ¶ 46, 51.

Lisa P. Cruz, Donna's Quitugua's sister, then replaced earlier legitimate deeds[5] with false deeds that fraudulently conveyed the Subject Property to Raymond instead of Genedine as part of the conspiracy sometime between May 2016 and September 2017. *Id.* at 19, ¶ 58. She "substitute[ed] forgeries to create a false chain of title supporting Donna's fraudulent scheme." *Id.* at 20, ¶ 61.

In September of 2017, Donna Quitugua filed a complaint with the Office of the Attorney General to determine the ownership of the Subject Property but omitted the fraudulent instruments. *Id.* at 20, ¶ 62. During the Special Proceedings Case No. SP0162-17, Genedine argued through her attorney that the property belonged to her, but the court ultimately ruled

---

[5] *See supra* note 4.

against her and in favor of Raymond's estate. *Id.* at 20-21, ¶¶ 63-69. Genedine appealed.[6] *Id.* at ¶ 71.

On March 3, 2020, Donna and Ryan Quitugua filed an unlawful detainer claim against Plaintiff in the Superior Court of Guam, Civil Case No. CV0221-20. *Id.* at 22, ¶ 73. The court asked Plaintiff at the hearing if he wanted a continuance to seek counsel, but Plaintiff declined. *Id.* at 23, ¶ 77. Instead, Plaintiff asked to proceed pro se, and the court granted the request. *Id.* Plaintiff presented several legal defenses, but, according to the Plaintiff, the judge eventually "shut down [his] presentation and refused to allow him to continue." *Id.* at 24, ¶ 80.

At the same hearing, Donna is alleged to have "presented a fabricated Certificate of Title listing Ryan C.P. Quitugua as owner, contradicting DLM's official record." *Id.* at 40, ¶ 113. In addition, Plaintiff alleges that Donna's attorney, F. Randall Cunliffe, sought to introduce the alleged fraudulent Deed of Gift (Instrument No. 892471). *Id.* at 24, ¶ 81. Plaintiff objected and the court informed him "only licensed attorneys could make objections, present evidence, or assert defenses." *Id.* at 24, ¶ 82. The altered document that Attorney F. Randall Cunliffe allegedly submitted to the court contained a fraudulent notarization from Nacrina Mendiola. *Id.* at 27, ¶ 90a. Plaintiff was evicted and, on December 19, 2021, he "discovered the **original, unaltered** version of Instrument No. 892471 at the Department of Land Management. This document contained the **notarial certification** section that Attorney Cunliffe had **removed** from the version submitted to the court on March 16, 2020."[7] *Id.* at 30, ¶ 97a (emphasis added). Hence, Plaintiff discovered that the "notarization was therefore legally invalid, rendering the deed void." *Id.*

---

[6] Plaintiff did not participate in these proceedings. ECF No. 8, at 22, ¶ 72.

[7] In his Amended Complaint, Plaintiff asserted on two different occasions that he had access to the "original, unaltered version" of Instrument 892471 in 2021. ECF No. 8, at 33, ¶ 97a, ¶ 97j. Plaintiff also acknowledged on two separate occasions that he "reported notarization fraud in December 2021." ECF No. 8, at 42, ¶ 120.

On December 21, 2021, Plaintiff filed a police report, and a day later, on December 22, 2021, he filed a consumer complaint with the Office of the Attorney General Consumer Protection Division "regarding the **fraudulent notarization**." *Id.* at 30, ¶ 97b-c (emphasis added). The Office of the Attorney General confirmed the illegitimacy of Instrument No. 892471, yet they did not prosecute according to the Plaintiff. *Id.* at 30, ¶ 97d. When they refused to investigate further or prosecute, Plaintiff emailed the police and the Office of the Attorney General thirty-six times from "**December 2021 through June 2024**." *Id.* at 31, ¶ 97c (emphasis added).

On January 15, 2025, Attorney Jay Arriola reportedly informed Plaintiff that two of the instruments relied upon in the record were fraudulent, and at this point, Plaintiff became aware of the "full scope of the fabrication." *Id.* at 39, ¶ 104, 108. Plaintiff then filed his initial complaint in this matter before the court on September 17, 2025. ECF No. 1.

## II. DISCUSSION

### A. SCREENING THE COMPLAINT

Plaintiff filed an Amended Application to Proceed without Prepayment of Fees and the court granted it. ECF Nos. 5, 6. As a result, the court must screen Plaintiff's Complaint before allowing the case to proceed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

#### 1. Jurisdiction

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Complaint alleges deprivations of rights secured by the Constitution under 42 U.S.C. § 1983.

#### 2. Standard of Review

As stated in the court's prior Decision and Order, ECF No. 6, pursuant to 28 U.S.C. § 1915(e), the court is required to review a complaint and dismiss it if the action is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief

against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B)(i)-(iii); *Lopez*, 203 F.3d at 1126-27. A complaint must contain a short and plain statement that the plaintiff is entitled to relief, along with "enough facts to state a claim to relief that is plausible on its face." FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006). The court must accept all allegations of material fact as true and construe those facts in the light most favorable to the plaintiff. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Although a plaintiff is not required to provide detailed allegations, legal conclusions are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, in an action brought under Section 1983, a plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

When a plaintiff is *pro se*, the court must liberally construe the allegations in a complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). Nonetheless, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). In particular, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks omitted).

## III. ANALYSIS

### A. STATUTE OF LIMITATIONS

Section 1983 of the Civil Rights Act "does not contain its own statute of limitations." *Flynt v. Shimazu*, 940 F.3d 457, 461 (9th Cir. 2019). Rather, federal courts look to the state's statute of limitations in personal injury cases for its statute of limitations. *See Nance v. Ward*, 597 U.S. 159, 174 (2022). In Guam, the local statute of limitations in the personal-injury statute is two years. *See Ngiraingas v. Sanchez,* 858 F.2d 1368, 1375 (9th Cir. 1988), *aff'd on other grounds by* 495 U.S. 182 (1990), *abrogated on other grounds as recognized by Paeste v. Gov't of Guam,* 798 F.3d 1228, 1237 (9th Cir. 2015); 7 G.C.A. § 11306.

Federal courts further borrow the state's tolling rules. *Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018). Guam law recognizes equitable tolling of the statute of limitations in cases alleging fraud. *See Taitano v. Calvo Finance Corp.*, 2008 Guam 12, 15 (Guam 2008) (quoting *Gayle v. Hemlani*, 2000 Guam 25, ¶ 24 (Guam 2000)) (holding that in cases of fraud, "the statute of limitations will begin to run when the plaintiff suspects or should suspect that his injury was caused by wrongdoing or that someone has done something wrong to him."); 7 G.C.A. § 11306(d). Federal courts, however, apply federal law when determining the accrual date for statute of limitations in Section 1983 claims. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The general rule is "that a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action and the cause of that injury." *Gregg v. Hawaii, Dep't of Public Safety*, 870 F.3d 883, 887 (9th Cir. 2017); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.").

Here, Plaintiff's own allegations in his Amended Complaint make clear that he was well aware of the fraud before the applicable two-year statute of limitations. Plaintiff stated that he

found the fraud on December 19, 2021, when he "discovered the **original, unaltered** version of Instrument No. 892471 at the Department of Land Management. This document contained the **notarial certification** section that Attorney Cunliffe had **removed** from the version submitted to the court on March 16, 2020." ECF No. 8, at 30, ¶ 97a (emphasis added). He repeated this allegation later in his Amended Complaint when he said that he found the "original, unaltered version" of Instrument 892471 in 2021. ECF No. 8, at 33, ¶ 97j. Furthermore, Plaintiff described at length how he reported this fraud to the Office of the Attorney General Consumer Protection Division on December 22, 2021. *Id.* at 30, ¶ 97c; *id.* at 42, ¶ 120. From 2021 through 2024, Plaintiff sent thirty-six emails to the Office of the Attorney General Consumer Protection Division and the Guam Police urging them to investigate this alleged fraudulent conspiracy. *Id.* at 31, ¶ 97c.

Plaintiff did not file the Complaint with this court until September 17, 2025. ECF No. 1. Plaintiff may not have been aware of the fraud inflicted upon him when his family members allegedly created false instruments between May 2016 and September 2017, or when Genedine and her attorney allegedly used fraudulent documents in court in 2020, or when the court allegedly failed to investigate the instruments and deed, but he was certainly aware, by his own admission of the fraud as early as December 19, 2021. ECF No. 8, at 30, ¶ 97a. Plaintiff's claims were tolled until, at the latest, December 19, 2021, and no longer than that.

Plaintiff contends that the statute of limitations was equitably tolled until January 15, 2025, when Attorney Jay Arriola confirmed the fraudulent instruments and Plaintiff became aware of the "fraud's full extent." *Id.* at 9, ¶ 26; 40, ¶ 109. As the case law makes clear, the "cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action and the cause of that injury." *Gregg*, 870 F.3d at 887. Plaintiff knew of the alleged fraud well before Attorney Jay Arriola confirmed the "full extent" to him. In fact,

Plaintiff was sending voluminous emails to the Office of the Attorney General asking them to investigate and prosecute the alleged fraud for years before Attorney Jay Arriola confirmed it to him. Plaintiff was aware of the injury that gave rise to his claims in 2021, and he has not pursued it this court in a timely manner.

The court can dismiss a complaint when the facts within the complaint "support the conclusion that the plaintiff could not prevail, as a matter of law, on the equitable tolling issue." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir.1993). Moreover, any further amendment to the Amended Complaint would be futile as nothing can change when Plaintiff learned of the fraud underlying his injury or when he filed this action in this court. Accordingly, Plaintiff's claims in the Amended Complaint are dismissed with prejudice: (1) Violation of Procedural Due Process – 42 U.S.C. § 1983 (Against Defendants in Official Capacity for Prospective Relief Only), (2) Violation of Procedural Due Process – 42 U.S.C. § 1983 (Against Individual Capacity Defendants for Damages), (3) Conspiracy to Violate Civil Rights – 42 U.S.C. § 1983, and (4) Violation of Equal Protection – 42 U.S.C. § 1983.

### B. Rule 11 Violations

Courts can sanction parties or their attorneys for "bad faith or conduct tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). As the Ninth Circuit has recently discussed in *Grant v. City of Long Beach*, 96 F.4th 1255, 1256 (9th Cir. 2024), courts can sanction parties for a brief "replete with misrepresentations and fabricated case law." (The sanction on appeal was for failure to comply with Federal Rule of Appellate Procedure 28). The circuit highlighted how the party's brief cited case law that did not support the claims that they were making and also had quotations that did not exist. *Id.* ("The words 'parent' and 'child' appear nowhere in the [cited] opinion.").

Analogously, Plaintiff here misquotes *Henrichs v. Valley View Dev.*, 474 F.3d 609 (9th

Cir. 2007), *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004), and *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522 (9th Cir. 2008). ECF No. 8, at 4, ¶ 15; 7, ¶ 21. Plaintiff claimed *Henrichs* stated "when the source of the injury is the defendant's conduct, not the adverse state court judgment" but that statement appears nowhere in the opinion. The word "source" does not appear in the text once. Plaintiff claimed *Kougasian* stated "the gravamen of [Plaintiff's] complaint is not that the state court erred, but that [Defendants] engaged in a conspiracy" but that statement appears nowhere in the opinion. The word "gravamen" does not appear in the text once. Lastly, Plaintiff claimed *Leadsinger, Inc.* stated "[a] continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation" but, once again, that statement appears nowhere in the opinion. Again, the word "continual" does not appear in the text once. Plaintiff's imaginary quotes not only misstate the law but also waste the court's valuable time and resources.

Separately, the court could not find *Mangiaracina v. Penthouse Int'l, Ltd.*, 849 F.2d 1279,1281 (9th Cir. 1988) on either the Westlaw or Lexis databases and it suspects that this may be an AI-fabricated case. *Id.* at 9, ¶ 26. The court does not know for certain whether this is an AI-fabricated case, but, unrepresented parties, like represented parties, are bound to only include "legal contentions" "warranted by existing law." Fed. R. Civ. P. 11(b)(2). Plaintiff is required to cite cases that are in existence.

As noted above, courts can impose sanctions on parties that violate this rule. Fed. R. Civ. P. 11(c). At this time, the court will not impose any sanctions for Rule 11 violations, but the court cautions Plaintiff to review any future pleadings he files with the court for accuracy as required by Rule 11.

IV. **CONCLUSION**

For the foregoing reasons, the court **DISMISSES** Plaintiff's Amended Complaint with prejudice. The court further admonishes Plaintiff for his lack of compliance with Rule 11.

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Dec 03, 2025**